## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> MTE HOLDINGS LLC et al[1], <br><br> Reorganized Debtors. | Chapter 11 <br><br> Case No. 19-12269 (CTG) <br><br> Jointly Administered |
| RPA ASSET MANAGEMENT SERVICES, LLC, TRUSTEE OF THE MDC LITIGATION TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> TIER ONE ENERGY, LLP and <br> TIER ONE ENERGY SERVICES, LLC, <br><br> Defendants. | Adv. Pro. No.: **REFER TO SUMMONS** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Plaintiff RPA Asset Management Services, LLC, as Trustee of the MDC Litigation Trust ("Trust" or "Plaintiff"), files this complaint (the "Complaint") to avoid and recover transfers against Tier One Energy, LLP and Tier One Energy Services, LLC (collectively the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief the following:

---

[1] The reorganized debtors in these jointly administered chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: MTE Holdings LLC ("MTE Holdings") (7894); MTE Partners LLC ("MTE Partners") (1158); Olam Energy Resources I LLC ("Olam") (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644). The address of the foregoing entities is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

{00031959. }

## NATURE OF THE CASE

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the Transfers (as defined below) were made, all preferential transfers of property made by the Debtors (as defined below) to or for the benefit of the Defendant during the ninety (90) day period prior to the commencement of the Debtors' Chapter 11 Cases (as defined below) pursuant to 11 U.S.C. §§ 547 and 550.

2.      To the extent that Defendant has filed a proof of claim or has a claim listed by the Debtors on their schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors or the Debtors' consolidated estate (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to any of such Claims for any reason including, but not limited to, 11 U.S.C. § 502(a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 is sought by Plaintiff herein as further stated in Count III below.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this adversary proceeding because it arises in and relates to the above-styled Chapter 11 bankruptcy case. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4.      The statutory and legal predicates for the relief sought herein are sections 502, 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Bankruptcy Rules.

5.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).

6.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that it consents to the entry of final orders or judgments by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

8.      On November 8, 2019 (the "Petition Date"), MDC Energy LLC ("MDC Energy"), MDC Reeves Energy LLC ("MDC Reeves"), MDC Texas Operator LLC ("Texas Operator"), and Ward I, LLC ("Ward") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Chapter 11 Cases"). This Complaint refers to MDC Energy, MDC Reeves, Texas Operator, and Ward collectively as the "Debtors."

9.      The Chapter 11 Cases were jointly administered under Case No. 19-12269.[2]

10.     On September 3, 2021, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Sixth Amended Joint Chapter 11 Plan of Reorganization for MTE Holdings LLC and its Affiliated Debtors* [Doc. 2590] confirming the *Sixth Amended Joint Chapter 11 Plan of Reorganization for MTE Holdings LLC and its Affiliated Debtors* (the "Plan").[3]

11.     Pursuant to Article V, Section B of the Plan, the MDC Litigation Trust Assets, including the Chapter 5 causes of action, were assigned and transferred to the Trust. The Plan

---

[2] On October 22, 2019, MTE Holdings filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On October 23, 2019, MTE Partners and Olam filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. These cases were also jointly administered under Cause No. 19-12269.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan and Confirmation Order.

{00031959. }                                    3

and Trust granted Plaintiff the authority, among other things, to investigate, prosecute, settle, or otherwise resolve such assets, including actions pursuant to 11 U.S.C. §§ 547, 548, 549 and 550.

12. Pursuant to Article III, Section B of the Plan, General Unsecured Creditors comprise an impaired class of creditors and are not expected to be paid in full.

## PARTIES

13. The Plan, among other things, established the MDC Litigation Trust, assigned and transferred to Plaintiff the MDC Litigation Trust Assets as defined by the Plan, and granted the Plaintiff the authority, among other things, to investigate, prosecute, settle, or otherwise resolve such assets, including actions pursuant to 11 U.S.C. §§ 547, 548, 549, and 550. The Debtors that assigned claims to Plaintiff filed voluntary petitions for relief under Chapter 11 on the Petition Date.

14. Upon information and belief, prior to the Petition Date, the Defendant operated a business which provided goods and/or services in the oil and gas industry, including transportation and other services. Upon information and belief, the Defendant transacted business with, and received one or more transfers from or on behalf of, one or more of the Debtors, namely MDC Reeves, as more fully set forth on Exhibit A.

15. Defendant's principal place of business is located at 1300 S Cedar St, Pecos, Texas 79772.

16. Plaintiff is informed and believes and on that basis alleges that Defendant is a partnership residing in and subject to the laws of the State of Texas.

## FACTUAL BACKGROUND

17. Prior to the Petition Date, the Debtors owned and/or operated a privately held exploration and production company focused on the acquisition and development of oil and natural gas resources in the onshore United States.

18. The Debtors' financial difficulties that led to the decision to file the Chapter 11 Cases are attributable to a combination of factors, all of which placed significant stress on the Debtors' liquidity position for many months leading up to the Petition Date. These factors included, among other things: (i) high levels of indebtedness, which forced the Debtors to dedicate a substantial portion of their cash flow to paying interest and principal; (ii) defaults under the Debtors' lending agreement and credit facility; (iii) a decline in oil and natural gas prices; and (iv) a decline in the Debtors' oil and gas production.

19. As of the Petition Date, the Debtors used a cash management system (the "Cash Management System") for the collection, concentration, management, and disbursement of funds in the Debtors' business.  As of the Petition Date, the Cash Management system consisted of several bank accounts, which were maintained at Prosperity Bank and Bank of New York Mellon.

20. Among these bank accounts, disbursements to vendors were made from the following accounts: Prosperity Bank Acct #8963221, Prosperity Bank Acct #9066891, Bank of New York Mellon Acct #408811, and Bank of New York Mellon Acct #990449 (collectively, the "Disbursement Accounts").

21. The Debtors drew upon the Disbursement Accounts to pay for their operational costs, including payment to their vendors, suppliers, distributors, and other creditors, including Defendant.

22. On and within the ninety (90) day period immediately prior to the Petition Date, that is between August 10, 2019 and November 8, 2019 (the "Preference Period"), the Debtors continued to operate their businesses. During the course of their relationship, one or more of the Debtors and the Defendant entered into one or more agreements for products and/or services, including, among other things, the provision of goods and services by the Defendant to Debtors relating to oil and natural gas production, including transportation, which are evidenced by invoices, checks, communications, and/or other documents (collectively, the "Agreements"). During the Preference Period, one or more of the Debtors were indebted to the Defendant under the terms of the Agreements, namely MDC Reeves.

23. On account of obligations to the Defendant arising under the Agreements, and as set forth on Exhibit A attached hereto, one or more of the Debtors identified on Exhibit A, namely MDC Reeves[4], made one or more transfers of an interest in the Debtors' property during the Preference Period totaling in the aggregate not less than $100,000.00, consisting of payments to or for the benefit of the Defendant, on the dates and in the amounts set forth on Exhibit A.

24. Exhibit A reflects Plaintiff's current knowledge of the transfers made to the Defendant during the Preference Period. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. Plaintiff intends to avoid and recover all such transfers, whether or not such transfers are presently reflected in Exhibit A. Collectively, all transfers made by one or more of

---

[4] One or more of the Transfers may have been made from MDC Acquisition, LLC ("MDC Acquisition") for the benefit of MDC Reeves, pursuant to an informal cash management arrangement between Debtors and MDC Acquisition. Pursuant to this arrangement, MDC Acquisition used funds transferred from Debtors, and that remained property of Debtors, to pay Debtors' trade creditors on Debtors' behalf. Accordingly, any payments by MDC Acquisition to Defendant constituted a transfer of an interest in property of Debtors.

the Debtors of an interest in property of the Debtors to or for the benefit of the Defendant during the Preference Period (whether such transfers are presently reflected in Exhibit A or not) are referred to herein as the "Transfers".

25. Plaintiff reserves the right to supplement and amend the allegations of this Complaint including, without limitation, further information on the Transfers, revisions of Defendant's name, additional defendants, and/or additional causes of action (e.g., but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and 549).

26. In October 2021, Plaintiff sent a letter to Defendant (the "Demand Letter"), containing a description of the potential claims and the Transfers, demanding the return of the Transfers to the Plaintiff and inviting Defendant to advise Plaintiff of any defenses. As of the date hereof, Defendant has not returned the Transfers to the Plaintiff.

27. The Plaintiff has conducted reasonable due diligence prior to the filing of this complaint. To the extent any defenses were presented by Defendant in response to the Demand Letter, they have been taken into account by Plaintiff. Furthermore, the Plaintiff has reviewed the Debtors' books and records and only asserted claims in this case that take into account Defendant's known or reasonably knowable affirmative defenses.

28. Plaintiff acknowledges that some of the Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which Defendant bears the burden of proof under Section 547(g).

**CLAIMS FOR RELIEF**

**Count I: Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547**

29. Plaintiff incorporates all preceding paragraphs as if set forth at length herein.

30. All of the Transfers were transfers of property, or an interest in property, of one or more of the Debtors.

31. At all relevant times, the Defendant was a "creditor" of the Debtors as defined by 11 U.S.C. § 101.

32. The Transfers were made by one or more of the Debtors to or for the benefit of the Defendant.

33. The Transfers were made on or within ninety (90) days before the Petition Date.

34. The Transfers were made for or on account of an antecedent debt owed by one or more of the Debtors to the Defendant before the Transfers were made.

35. The Transfers were made while the Debtors were insolvent or the Debtors were rendered insolvent thereby.

36. Absent the Transfers, the Defendant would have been a general unsecured creditor with claims against the Debtors based on the Agreements. The Transfers thus enabled the Defendant to receive more than the Defendant would have received if: (a) the Transfers had not been made; (b) the Debtors' Chapter 11 Cases were cases under chapter 7; and (c) the Defendant had received payments of its debt to the extent provided by the Bankruptcy Code.

**Count II: Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550**

37. Plaintiff incorporates all preceding paragraphs as if set forth at length herein.

38. Plaintiff is entitled to avoid the Transfers described above pursuant to 11 U.S.C. §§ 547 and/or 548.

39. The Defendant was the initial transferee of the Transfers, the intermediate or mediate transferee of the Transfers, or the person for whose benefit the Transfers were made.

40. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from the Defendant an amount, to be determined at trial, that is not less than the sum of the Transfers, plus interests and the costs of this action.

**Count III: Claim Objection Pursuant to 11 U.S.C. § 502**

41. Plaintiff incorporates all preceding paragraphs as if set forth at length herein.

42. The Defendant is the transferee of the Transfers by one or more of the Debtors avoidable under 11 U.S.C. § 547, which are recoverable from the Defendant under 11 U.S.C. § 550(a). Pursuant to 11 U.S.C. § 502(d), in the event that the Defendant is liable for any avoidable Transfers under 11 U.S.C. § 547, any claim(s) of the Defendant against the Debtors (regardless of whether or not the claim(s) were assigned) must be disallowed unless the Defendant pays the amount of the Transfers.

43. Pursuant to 11 U.S.C. § 502(d), any claim(s) of the Defendant against the Debtors and/or their consolidated estate (regardless of whether or not the claim(s) were assigned) must be disallowed.

**Count IV: Recovery of Attorney's Fees Pursuant to Fed. R. Bankr. P. 7008(b)**

44. Plaintiff incorporates all preceding paragraphs as if set forth at length herein.

45. By reason of the foregoing and pursuant to Fed. R. Bankr. P. 7008(b), Plaintiff is entitled to recovery its reasonable attorneys' fees and costs of collection incurred in the prosecution of this adversary proceeding.

**Count V: Prejudgment Interest**

46. Plaintiff incorporates all preceding paragraphs as if set forth at length herein.

47. As a result of the Defendant's failure to pay Plaintiff an amount equal to the amount of the Transfers, Plaintiff is entitled to recover interest at the maximum amount

permitted by law from the date of the Transfers until the collection of judgment in this adversary proceeding.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the entry of a judgment against the Defendant as follows:

A. Avoiding the aforementioned Transfers as preferential under 11 U.S.C. § 547;

B. Granting judgment in favor of Plaintiff pursuant to 11 U.S.C. § 550 in an amount not less than $100,000.00, plus such other and further amounts as may be proven at trial;

C. Awarding Plaintiff prejudgment interest and costs;

D. Disallowing, pursuant to 11 U.S.C. 502(d), any claim(s) of the Defendant against the Debtors (regardless of whether or not the claim(s) were assigned), unless the amount of any judgment for avoidance of the Transfers is paid in full to Plaintiff;

E. Awarding Plaintiff reasonable attorneys' fees and costs of collection; and

F. Granting Plaintiff such other and further relief as the Court deems just and equitable.

Dated: November 5, 2021
      Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Frederick B. Rosner (DE #3995)
Scott J. Leonhardt (DE #4885)
Jason A. Gibson (DE #6091)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: 302-777-1111
rosner@teamrosner.com
leonhardt@teamrosner.com
gibson@teamrosner.com

*Counsel to RPA Asset Management Services, LLC, Trustee of the MDC Litigation Trust*