**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE | ) | Chapter 11 |
| | ) | Case No. 19-12269 (CSS) |
| MTE HOLDINGS, LLC, et al., | ) | |
| | ) | |
|    Debtors. | ) | (Jointly Administered) |
| | ) | |
| RPA ASSET MANAGEMENT SERVICES, LLC, TRUSTEE OF THE MDC LITIGATION TRUST, | ) ) ) ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
|        v. | ) | Adv. Proc. No. 21-51261 (CTG) |
| | ) | |
| TIER ONE ENERGY, LLP AND TIER ONE ENERGY SERVICES, LLC, | ) ) | |
| | ) | |
|    Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT TO AVOID
AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547
AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Defendants Tier One Energy, LLP and Tier One Energy Services, LLC (collectively, the "Defendants") hereby move this Court to dismiss the *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* [Adv. D.I. 1] (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6). In support of this Motion to Dismiss, Defendants assert as follows:

1. On November 8, 2019 (the "Petition Date"), MDC Energy LLC ("MDC Energy"), MDC Reeves Energy LLC ("MDC Reeves"), MDC Texas Operator LLC ("Texas Operator"), and Ward I, LLC ("Ward") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Chapter 11 Cases"). The Complaint refers to MDC Energy, MDC Reeves, Texas Operator, and Ward collectively as the "Debtors." The Chapter 11 Cases are jointly

1

administered under Case No. 19-12269.

2. On September 3, 2021, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Sixth Amended Joint Chapter 11 Plan of Reorganization for MTE Holdings LLC and its Affiliated Debtors* [Doc. 2590] confirming the *Sixth Amended Joint Chapter 11 Plan of Reorganization for MTE Holdings LLC and its Affiliated Debtors* (the "Plan").

3. RPA Asset Management Services, LLC ("Plaintiff") has alleged that, pursuant to Article V, Section B of the Plan, the MDC Litigation Trust Assets, including the Chapter 5 causes of action, were assigned and transferred to the MDC Litigation Trust ("Trust") and that the Plan and Trust granted Plaintiff, as Trustee of the Trust, the authority, among other things, to investigate, prosecute, settle, or otherwise resolve such assets, including actions pursuant to 11 U.S.C. §§ 547, 548, 549 and 550.

4. On November 5, 2021, the eve of the statute of limitations, the Plaintiff initiated this adversary proceeding via the filing of the Complaint seeking the avoidance and recovery of allegedly preferential transfers made to the Defendants. These allegedly preferential transfers consist of one payment in the amount of $100,000.00 made on or about September 30, 2019 by Debtor MDC Acquisition LLC on behalf of Debtor MDC Reeves Energy LLC. The Complaint does not allege any fraudulent transfer claim or similar causes of action nor does it allege any sort of alter ego theory.

5. The Complaint collectively defines the Defendants as "the Defendant" and fails to identify which of the Defendants was owed an antecedent debt and which of the Defendants actually received the allegedly preferential transfer. While the Complaint alleges that the "Defendant" was the initial transferee of the allegedly preferential transfer, the intermediate or mediate transferee of the allegedly preferential transfer, or the person for whose benefit the allegedly preferential transfer

were made, there are no factual allegations that support these conclusory statements. While there are no allegations of fraud in the Complaint that would require a heightened pleading standard, the Complaint is clearly a boilerplate recitation of the relevant causes of action and is insufficient to put either of the Defendants on notice of what they are being accused of. Further, even if the Trustee establishes that one of the two Defendants is liable for the allegedly preferential transfer, there are no facts in the Complaint that would establish that the Defendants are jointly or collectively liable here.

6. A complaint "may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). If the complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(internal quotations omitted)). "The pleading standard Rule 8 announces… demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. Here, the Plaintiff has failed to adequately plead facts that support its claim.

7. As this Court has previously held, "The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed." *In re PennySaver USA Publ'g, LLC*, 602 B.R. 256, 268 (Bankr. D. Del. 2019) (quoting *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). In *Bank of America, N.A. v. Knight*, the Seventh Circuit similarly held: "Liability is personal. An allegation that *someone* looted a corporation does not propound a plausible contention that a particular person did anything wrong. …. Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint

3

based on a theory of collective responsibility must be dismissed." 63 725 F.3d 815, 818 (7th Cir.2013) (emphasis in original). Thus, to satisfy *Twombly* and *Iqbal*, the Plaintiff would have to provide specific facts as to which of the Defendants received which transfer. Here, the Plaintiff did not make specific allegations within the Complaint regarding which entity received the transfers. The Plaintiff cannot allege collective responsibility without outlining what each of the Defendants did to deserve liability.

8. Likewise, in *In re Conex Holdings, LLC*, this Court dismissed breach of fiduciary duty claims alleging certain LLC officers that allegedly caused the LLC to make fraudulent transfers. 514 B.R. 405, 407, 414-15 (Bankr. D. Del. 2014) (Sontchi, J.). There, like here, the trustee improperly "lump[ed]" together several defendants "without supplying specific facts as to each defendant's wrongdoing." *Id.* at 414-15. The Court held:

> [T]he Trustee has failed to satisfy the *Twombly* and *Iqbal* pleading standard. … the Trustee lumps all of the Individual Defendants together as "Officers and Directors" (and incorrectly, at least as to the reference to "directors") without supplying specific facts as to each defendant's wrongdoing. … the Trustee has not provided any specific facts as to which transactions a particular defendant authorized, nor did the Trustee allege what authority any particular defendant had to approve such transactions. …the allegations are "vague and lack sufficient detail about which officers, if any, knowingly participated." This is not a close question. Much more specificity is needed here to satisfy the legal standard.

*Id.*

9. Further, this Court has ruled that a preference complaint must include: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) **name of transferee** and (iv) the amount of the transfer." *In re Valley Media, Inc.*, 288 B.R. 189, 192 (Bankr. D. Del. 2003) (emphasis added). The Plaintiff's failure to identify the transferee is fatal to the Complaint and thus

the Complaint should be dismissed.

WHEREFORE, the Defendants respectfully request that the Court enter an Order dismissing the Plaintiff's Complaint with prejudice and grant such further and other relief as is just.

Dated:  December 2, 2021                      CROSS & SIMON, LLC

By: */s/ Kevin S. Mann*
Kevin S. Mann (No 4576)
1105 N. Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
(302) 777-4224 (facsimile)
kmann@crosslaw.com

-and-

LAW OFFICE OF MYNDE S. EISEN, P.C.
Mynde S. Eisen, Esq. (State Bar No. 06503950)
6546 Greatwood Parkway, Suite C
Sugar Land, Texas 77479
(281) 545-8600
mynde@eisenlawoffice.com

*Attorneys for Tier One Energy, LLP and Tier One Energy Services, LLC*