IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| MTE HOLDINGS LLC, *et al.*,[1] | ) Case No. 19-12269 (CTG) |
| Reorganized Debtors. | ) Jointly Administered |
| RPA ASSET MANAGEMENT SERVICES, LLC TRUSTEE OF THE MDC LITIGATION TRUST, | ) |
| Plaintiff, | ) Adv. Pro. No. 21-51261 (CTG) |
| vs. | ) |
| TIER ONE ENERGY, LLP and TIER ONE ENERGY SERVICES, LLC, | ) |
| Defendants. | ) |

## DECLARATION OF GARLAND MURPHY

I, Garland "Land" Murphy, do hereby declare as follows:

1. I am the lead attorney for Plaintiff in the case styled *RPA Asset Management Services, LLC, Trustee of the MDC Litigation Trust v. Tier One Energy, LLP et al.*, Adv. Pro. No. 21-51261 (CTG) in the United States Bankruptcy Court for the District of Delaware (the "Litigation"). This Declaration is submitted in support of Plaintiff's request for an award of attorney's fees in its Motion for Default Judgment Against Defendants Tier One Energy, LLP and Tier One Energy Services, LLC.

2. I am an attorney licensed by the State of Texas, the State of California, and the State

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: MTE Holdings LLC (7894); MTE Partners LLC (1158); Olam Energy Resources I LLC (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644).

{00034584. }

of Arkansas.  My licenses have never been suspended or revoked.  I also hold a Certified Public Accountant license issued by the State of Arkansas.  I received my bachelor's degree from the University of Arkansas at Little Rock, graduating *summa cum laude*.  I received my law degree from Pepperdine University, graduating *summa cum laude* at the top of my class.  After law school, I served a one year clerkship in Portland, Oregon for United States Circuit Judge Diarmuid O'Scannlain on the United States Court of Appeals for the Ninth Circuit.  I received the highest score on the Texas Bar Exam for the February 2007 sitting.  I am currently a partner in the law firm of Smyser Kaplan & Veselka LLP ("SKV") in Houston, Texas.  Since the end of my clerkship, I have been a trial lawyer handling complex litigation, arbitrations, administrative proceedings, and appeals, including numerous cases involving the energy industry.  I was recognized as a Texas Rising Star by *Super Lawyers* magazine from 2010 to 2016, a Texas Super Lawyer from 2020 to 2022, and a Texas Litigation Star by Benchmark Litigation from 2015 to 2023.  I was an associate with SKV from 2007 to 2011 and have been a partner in the firm since January 1, 2012.  My usual and customary billing rate is $750 an hour.  Based on my education and experience, in my opinion a reasonable hourly rate for my work on this case is $750 an hour.

3. Based on more than ten years of experience in the Texas legal market, I am familiar with the reasonable and customary hourly rates charged by lawyers in the major metropolitan areas of Texas.  Based on my experience in bankruptcy courts in Texas, California, and Delaware, I am familiar with the reasonable and customary hourly rates charged for bankruptcy litigation.  I have served as an expert witness on the issue of attorney's fees on several occasions.

4. As Plaintiff's lead counsel, I am familiar with the facts of this case and the work performed by SKV attorneys in connection with this case.  I am also familiar with the pleadings and other material filed in the case.  I have reviewed SKV's billing records for this matter.  My

opinions are based on my personal knowledge and review of these materials, as well as my education and experience.

5. Plaintiff filed this suit in November 2021. The Litigation has involved drafting of pleadings and motions, written discovery, and research of the statutes, case law, and facts relevant to the claims in the case.

6. Attached to this declaration as Exhibit A is a true and correct copy of the SKV daily time entries for SKV attorneys for work performed in the Litigation. These entries do not capture all of the time spent on the Litigation by SKV attorneys; Plaintiff does not seek recover for significant work that related to both the Litigation and other claims against other parties. I am a custodian of records for SKV's time records, and I am familiar with the manner in which SKV's records are created and maintained by virtue of my duties and responsibilities, which include serving on SKV's Finance Committee and responsibility for review and approval of invoices for matters in which I serve as lead counsel. The records in Exhibit A were made at or near the time of each act or event set forth, and it is SKV's regular practice to make this type of record at or near the time of each act or event set forth. The time records were made by, or from information transmitted by, persons with knowledge of the matters set forth. The time records were kept in the course of regularly conducted business activity. And it is the regular practice of SKV to make these time records. I have reviewed and relied on these time records and the details of the hours worked by SKV attorneys during the Litigation.

7. I was assisted in the Litigation by my colleague and SKV partner Dane Ball. He is a 2001 graduate of Pepperdine University and a 2005 *summa cum laude* graduate of Pepperdine University School of Law. After law school, Mr. Ball clerked for the Honorable Harold R. DeMoss, Jr., Judge of the United States Court of Appeals for the Fifth Circuit. Mr. Ball's practice

includes both white collar criminal defense and commercial civil litigation. He was recognized as a Texas Rising Star by *Super Lawyers* magazine from 2014 to 2018, a Texas Super Lawyer from 2020 to 2022, and a Texas Litigation Star by Benchmark Litigation from 2018 to 2023. Mr. Ball's discounted billing rate for the Litigation is $750 an hour. Based on my education and experience, in my opinion a reasonable hourly rate for Mr. Ball's work on this case is $750 an hour.

8. As reflected in Exhibit A, SKV attorneys recorded 32.5 hours working on this matter through January 27, 2023. The records reflect the nature of the work, who performed the services, when the services were performed, and the number of hours worked.

9. Through January 27, 2023, Plaintiff's reasonable attorney's fees for the Litigation were $22,575.00. In my opinion, the work reflected in this total was necessary to prosecute the claims in this Litigation. It is my opinion therefore based on all of the information reviewed and my education and experience that a reasonable attorney's fee for SKV's work on this case through January 27, 2023 is $22,575.00.

10. This opinion is based on my knowledge of the Litigation, my review and analysis of SKV's time entries and records, the pleadings, discovery, and filings from the Litigation, my education and experience, and my review of the *Arthur Andersen* factors as explained below. Based on these same sources, my opinion is that this requested fee approximates the fee that SKV would have received for properly billing a paying client by the hour in a similar case.

11. In forming my opinions concerning a reasonable attorneys' fee for this matter, I have considered the following factors that must be examined in determining the reasonableness of attorneys' fees, as listed in Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct:

- The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
- The likelihood, if apparent to the client, that the acceptance of the particular

- employment will preclude other employment by the lawyer;
- The fee customarily charged in the locality for similar legal services;
- The amount involved and the results obtained;
- The time limitations imposed by the client or by the circumstances;
- The nature and length of the professional relationship with the client;
- The experience, reputation, and ability of the lawyer or lawyers performing the services; and
- Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

12. I have considered these factors in forming my opinions about the reasonableness of the hours worked, a reasonable hourly rate, and the reasonableness of the fee requested for the case, as follows:

13. The first factor—"the time and labor required, the novelty and the difficulty of the questions involved, and the skill requisite to perform the legal service properly"—supports the reasonableness and necessity of the fees charged. SKV's work focused exclusively on bringing claims against Defendants to recover funds for the benefit of the MDC Litigation Trust. The work was necessary to establish the legal and factual basis for Plaintiff's claims.

14. The second factor, the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer, is neutral.

15. The third factor—"the fee customarily charged in the locality for similar legal services"—supports the reasonableness and necessity of the fee requested. It is my opinion that based on the rates typically charged in bankruptcy litigation—including in Delaware bankruptcy courts—the hourly rates charged are well within the fee customarily charged for similar legal services.

16. The "amount involved and the results obtained" also support the reasonableness

and necessity of the fee requested. SKV expects to secure a default judgment for $100,000 against the Defendants, in addition to attorneys' fees.

17. The fifth factor, the time limitations imposed by the circumstances, is neutral.

18. The sixth factor—"the nature and length of the professional relationship with the client"—supports the reasonableness of the fee. SKV has represented Plaintiff in prosecuting a large number of preference and fraudulent transfer claims in connection with the MDC Energy bankruptcy.

19. The seventh factor—"the experience, reputation, and ability of the lawyer or lawyers performing the services"—supports the reasonableness and necessity of the fee requested. As reflected in their education and work histories, the SKV lawyers handling this case are experienced and very capable.

20. The eighth factor, whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered, also supports the reasonableness and necessity of the fee requested. SKV's fee for its representations of Plaintiff in the various preference and fraudulent transfer claims, including this Litigation, are contingent on the results obtained.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 31, 2023.

*/s/ Garland "Land" Murphy*
Garland "Land" Murphy