## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| MTE HOLDINGS LLC, *et al.*,[1] | ) Case No. 19-12269 (CTG) |
| Reorganized Debtors. | ) Jointly Administered |
| RPA ASSET MANAGEMENT SERVICES, LLC TRUSTEE OF THE MDC LITIGATION TRUST, | ) |
| Plaintiff, | ) Adv. Pro. No. 21-51261 (CTG) |
| vs. | ) |
| TIER ONE ENERGY, LLP and TIER ONE ENERGY SERVICES, LLC, | ) |
| Defendants. | ) |

## JUDGMENT BY DEFAULT

UPON the *Motion for Default Judgment Against Defendants Tier One Energy, LLP and Tier One Energy Services, LLC* (the "Motion")[2] filed by RPA Asset Management Services, LLC, Trustee of the MDC Litigation Trust, pursuant to by Federal Rule of Civil Procedure 55, made applicable herein by Rule 7055 of the Federal Rules of Bankruptcy Procedure, with respect to the *Second Amended Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502*; and adequate notice of the Motion having been given and it appearing in the circumstances that no other or further notice is required; and

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: MTE Holdings LLC (7894); MTE Partners LLC (1158); Olam Energy Resources I LLC (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644).

[2] Capitalized terms used herein but otherwise not defined shall have the meaning ascribed to them in the Motion.

{00034585. }

this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and Defendants having failed to defend the SAC; and the entry of a judgment by default being proper against Defendants; and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Rule 7055(b)(2), judgment by default ("<u>Judgment</u>") shall be entered against Defendants with respect to all claims for relief asserted in the SAC.

3. The transfer identified in paragraph 1 of the SAC is avoided pursuant to 11 U.S.C. § 544 and Tex. Bus. & Comm. Code § 24.008.

4. Judgment is awarded in favor of Plaintiff and against Defendants jointly and severally in the amount of $122,757.00, consisting of:

   a. Actual damages pursuant to 11 U.S.C. § 550 of $100,000.00; and

   b. Reasonable attorneys' fees in the amount of $22,757.00.

5. Judgment is awarded and Defendant shall be liable to Plaintiff for post-judgment interest on the amount specified in 4 above from the date of this judgment until its satisfaction at the annual rate of 4.08% (resulting in daily interest accrual of $13.67).

6. Any claim(s) of Defendants against the Debtors, (regardless of whether or not the claim(s) were assigned) are disallowed.

7. Plaintiff is awarded its costs of court.

8. Plaintiff is authorized and empowered to take any and all actions necessary or appropriate to consummate, carry out, effectuate, execute on, or otherwise enforce the terms, conditions, and provisions of this Judgment.

9.  The Clerk of Court is authorized and directed to take any action that is necessary and appropriate to give effect to this Judgment.

10. This Court shall retain jurisdiction and power over any and all matters arising from or related to the interpretation or implementation of this Judgment.

**Dated: March 6th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**